IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSE M CHARRIEZ,

    Plaintiff,
v.                                                    CASE NO. 4:14-cv-477-MW-GRJ

MICHAEL CREWS

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in the Second Judicial Circuit for Leon County, Florida. (Doc. 1.) After Defendant removed the case the Court ordered Plaintiff to resubmit his Complaint on the court-approved form. (Docs. 1, 4.) Plaintiff submitted an Amended Complaint on October 9, 2014. (Doc. 7.) After screening his Complaint, because of deficiencies in the amended complaint the Court directed Plaintiff to amend a second time by November 5, 2014. (Doc. 8.) After Plaintiff failed to file the second amended complaint as directed by the Court, the Court ordered Plaintiff to show cause by December 2, 2014 why he had failed to amend his Complaint by the deadline. (Doc. 9) As of the date of this Order, Plaintiff has failed to respond to the Court's directive to show cause or file the second amended complaint. Consequently, this case is due to be dismissed for failure to prosecute and failure to comply with a directive of the Court.

Alternatively, Plaintiff's Complaint should be dismissed for failure to state a claim. Plaintiff's Complaint stems from the lack of action taken on his good adjustment

transfer application, requesting transfer to an institution closer to his permanent residence than Hardee Correctional Institution, where he is currently confined. (Doc. 7 at 6.) Plaintiff purports to make three claims: (1) violation of Fla. Stat. § 944.17 (2012), which creates a duty for prison officials to transfer prisoners as close to their permanent residence or county of commitment as possible; (2) violation of his due process rights when he was transferred without prior notice, a meaningful opportunity to be heard, and a valid written reason for transfer; and (3) retaliation for ongoing litigation by transferring Plaintiff from Sumter Correctional Institution to Hardee Correctional. Plaintiff's Amended Complaint, however, fails to allege sufficient factual allegations to support these three claims and fails to state claims cognizable under 42 U.S.C. § 1983.

With respect to Plaintiff's first claim, which is premised upon Fla. Stat. § 944.17, 42 U.S.C. § 1983 does not provide a remedy for a violation of state law. *Cruz v. Aladro*, 129 F. App'x 549, 550 (11th Cir. 2005); *Shields v. Hopper*, 519 F.2d 1131 (5th Cir. 1975). Even if such a duty to transfer Plaintiff existed, he could not enforce this duty by filing an action under § 1983, which only concerns a state actor's violation of the Constitution or federal law.

Furthermore, Plaintiff's claim that his due process rights were violated when he was transferred does not allege a constitutional violation. Prisoners have no liberty interest in remaining in the prison of their choice and, therefore, a transfer from one prison to another does not require a hearing or other due process protections. *Meachum v. Fano*, 427 U.S. 215 (1976).

Lastly, Plaintiff's claim that he was transferred from Sumter Correctional

Institution to Hardee Correctional Institution in retaliation for ongoing litigation has no causal connection to any of the Defendants in this action.  The Defendants named in the amended complaint are only alleged to have denied grievances, denied requests for administrative remedies, or denied appeals submitted by Plaintiff.  Plaintiff does not alleged that any of the named Defendants participated in or caused his transfer from Sumter Correctional Institution to Hardee Correctional Institution. As such, there is no causal connection between the actions of the Defendants and the alleged constitutional violation.  *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  Accordingly, Plaintiff has failed to state a claim and his action is due to be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to prosecute and failure to comply with a directive of the Court, or alternatively, for failure to state a claim. All pending motions should be terminated and the case should be closed.

**IN CHAMBERS** this 9th day of December 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.